**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL HALL and KATHRYN TYLER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action No. 13 C 441 |
| v. | ) | |
| | ) | Judge Zagel |
| THE CITY OF CHICAGO, | ) | |
| | ) | Magistrate Kim |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO DISMISS**

Defendant City of Chicago ("Defendant" or "City"), by its attorney, Stephen R. Patton, Corporation Counsel of the City of Chicago, hereby moves this Court under Fed. R. Civ. P. 12(b)(1) to dismiss Plaintiffs' Complaint. In support of this motion, Defendant states as follows:

1. The Complaint contains one count, which challenges, as violating the Second and Fourteenth Amendments, City restrictions on carrying operable guns outside the home as contained in sections 8-20-010, 8-20-020, 8-20-030, and 8-20-180(c) of the Municipal Code of Chicago ("MCC"). MCC 8-20-010 defines "home" as "the inside of a person's dwelling unit which is traditionally used for living purposes, including the basement and attic." It excludes "(i) any garage, including an attached garage, on the lot; (ii) any space outside the dwelling unit, including any stairs, porches, back, side or front yard space, or common areas; or (iii) any dormitory, hotel, or group living, as that term is defined in section 17-17-0102-A." *Id.* MCC 8-20-020(a) provides that handguns may not be carried outside of one's home, and MCC 8-30-

030(a) provides that long guns may not be carried outside one's home or fixed place of business.[1] MCC 8-20-180(c) provides that a resident may not possess a firearm at a location other than an address authorized on a Chicago firearm registration certificate.

2. Plaintiffs' challenge to these provisions has two aspects. First, they challenge the provisions to the extent that they restrict carrying in public places, such as streets and sidewalks. Second, they challenge the provisions to the extent that they restrict carrying on private property outside one's home, such as one's porch or yard, or in one's workplace.

3. Plaintiff's Complaint should be dismissed in its entirety. As to carrying in public places, Plaintiffs lack Article III standing because their injury cannot be redressed by this Court. The injury they allege is the inability to carry operable firearms for self-defense in public. But this conduct is prohibited by Illinois law as well as Chicago law. Accordingly, even if the Court were to enjoin the MCC provisions challenged here, Illinois law would continue to stand as an independent bar to Plaintiffs' carrying in public. Because a victory in this lawsuit would not bring Plaintiffs any real, practical relief, the Court should not hear the claim.

4. As to carrying on private property or in workplace, Plaintiffs' claim here is duplicative of a claim brought by these same Plaintiffs over two years ago in another lawsuit in this District, *Pacholski, et al. v. Chicago*, 10 cv 4184 (N.D. Ill.), which is still pending in front of Judge Chang. All of the relief that Plaintiffs seek here on this claim can be awarded in *Pacholski*, and the resources of the Court and the parties should not be wasted by litigating this

---

[1] Under MCC 8-20-020(b)(17) & -030(b)(1), residents may carry firearms outside the home so long as they are engaged in the "lawful transportation" of a firearm, which (among other things) generally means that the firearm must be "(i) broken down in a nonfunctioning state; (ii) not immediately accessible; and (iii) unloaded and in a firearm case." MCC 8-020-010.

claim a second time.

5. These grounds for dismissal are more fully set forth in Defendant's Memorandum in Support of the instant motion, which is being filed concurrently herewith.

## **CONCLUSION**

For the foregoing reasons, the City respectfully requests that the Court dismiss Plaintiffs' Complaint.

                                                                    Respectfully submitted,

                                                                      STEPHEN R. PATTON
                                                                      CORPORATION COUNSEL
                                                                      CITY OF CHICAGO

Dated: March 14, 2013                     BY:   <u>/s/ Andrew Worseck</u>
                                                              One of Its Attorneys

Mardell Nereim
Andrew W. Worseck
William M. Aguiar
Rebecca Alfert Hirsch
Constitutional & Commercial Litigation Division
30 North LaSalle Street, Suite 1230
Chicago, IL 60602
(312) 744-9010